UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DELPHINE SWORMSTEDT, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) No. 2:13-cv-79-JAW |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant | ) |

# REPORT AND RECOMMENDED DECISION[1]

The plaintiff in this Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal[2] contends that the administrative law judge wrongly rejected the opinion of a treating physician, gave great weight to the opinions of non-examining physicians, and used the Grid when vocational expert testimony was required. I recommend that the court affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff met the insured

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), as amended effective January 1, 2013, which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on March 12, 2014, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.
[2] At oral argument, the plaintiff's attorney withdrew the appeal as to SSD. This recommended decision deals only with the SSI claim.

1

status requirements of the Social Security Act for purposes of SSD only through September 30, 2008, Finding 1, Record at 13; that she suffered from affective disorder/depression not otherwise specified, anxiety-related disorder/anxiety not otherwise specified, and substance addiction disorder/alcohol abuse, impairments that were severe but which did not, considered individually or in combination, meet or medically equal the criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 3-4, *id*.; that she retained the residual functional capacity ("RFC") to perform work at all exertional levels, but limited to understanding and remembering simple instructions and simple tasks on a consistent basis, interacting with coworkers and supervisors but not the public, and adapting to occasional changes in the routine workplace, Finding 5, *id* at 15; that she was unable to perform any past relevant work, Finding 6, *id*. at 17; that, given her age (29 on the date of alleged onset of disability, November 1, 2007), high school education, work experience, and RFC, and using the rules in Appendix 2 to 20 C.F.R. Part 404, Subpart P (the "Grid") as a framework for decision making, there were jobs existing in significant numbers in the national economy that the plaintiff could perform at all relevant times, Findings 7-10, *id*. at 17-18; and that, therefore, she had not been under a disability, as that term is defined in the Social Security Act, at any time through the date of the decision, June 27, 2012, Finding 11, *id* at 18. The Appeals Council declined to review the decision, *id*. at 1-3, making it the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1981; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as

adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

### A. Treating Physician

The plaintiff contends that the administrative law judge "rejected Dr. Lobozzo's treating source opinions for inadequate reasons." Plaintiff's Itemized Statement of Errors ("Itemized Statement") (ECF No. 15) at 5. Specifically, she asserts that the administrative law judge wrongly concluded that Dr. Lobozzo's records failed to show intensive psychiatric treatment, that the length of his sessions with the plaintiff indicated limited treatment, that he provided the plaintiff only with medication management rather than counseling, that Dr. Lobozzo was unaware of the plaintiff's use of alcohol, and that he prescribed medications that often worsen symptoms when combined with alcohol intake. *Id*. at 5-6. In addition, she contends, the administrative law judge wrongly failed to contact Dr. Lobozzo directly. *Id*. at 7.

The administrative law judge's opinion says the following about Dr. Lobozzo:

> The undersigned finds depression NOS, anxiety NOS and alcohol abuse
> are severe impairments. The clinical record established these diagnoses
> as found in records from treating psychiatrist David Lobozzo, M.D., with

3

whom the claimant established care in January 2011, the first time she had ever had psychiatric care.

* * *

With regard to concentration, persistence or pace, the claimant has moderate difficulties. Dr. Lobozzo has commented, and the undersigned noted at hearing, that despite not completing high school, the claimant is quite articulate. Dr. Lobozzo specifically noted at the initial evaluation that the claimant said she thought [she] may have had "tardive dyskinesia" as a medication side effect (Ex. 9F), while she has also said that she watches TV daily (Exs. 5E, 9F).

* * *

Opinions provided by Dr. Lobozzo have been considered, but ultimately discounted. A review of the doctor's records fail[s] to show intensive treatment; the claimant sees the psychiatrist monthly for [a] 15 to 30 minute[] visit for medication management, not for therapeutic counseling. Additionally, his records are superficial, referring primarily to family or relationship issues; i.e. "She has broken up with Louis again . . . but seems to be fairly accepting of her circumstances[.]"

Additionally, the doctor's contention that the claimant is "easily overwhelmed by minor stresses" while "distracted by four children at home" is an oxymoron (Ex. 11F). Raising four children as a single parent is incredibly stressful and distracting. Moreover, Dr. Lobozzo went on to opine that the claimant is "disabled from working in the national/regional economy [with] full time work . . . probably out of the question for her [since] she would still suffer from anxiety disorder and depression . . . even in the absence of . . . alcohol abuse" (Ex. 12F). First, the determination of disability is one reserved to the Commissioner (SSR 96-5p). Second, the doctor had never treated the claimant during a period of sobriety when he wrote this opinion, since the claimant reported that she stopped drinking 6 months ago, so his supposition is found presumptuous and unsupported.

Also of note, Dr. Lobozzo's records fail to show that he has really done anything constructive about the claimant's alcohol use. There is no indication that he has ever advised her to stop drinking or to attend a program such as AA; the impetus for that came from the claimant. He has also continued to prescribe antidepressant and antianxiety medications (Buspar, Alprazolam, Pristiq and Abilify), and has failed to inform his patient that taking these drugs in conjunction with alcohol often worsens symptoms of depression, and can also cause fatigue and impaired concentration (Exs. 9F, 10F).

> In sum, the above residual functional capacity assessment is supported by DDS evaluations from Dr. Martin Koretzky, Dr. James Hall and Dr. Brenda Sawyer, treatment records from Maine Centers for Healthcare, Portland Help Center and Maine Medical Center; function reports, and the longitudinal treatment record.

Record at 13, 14, 16-17.

As the commissioner points out, Defendant's Opposition to Plaintiff's Statement of Errors ("Opposition") (ECF No. 17) at 4-5, an administrative law judge is in fact required to consider the amount of knowledge that a treating source has about a claimant's impairment in weighing that source's opinions. 20 C.F.R. §§ 404.1527(c)(2)(ii), 416.927(c)(2)(ii). That is what the administrative law judge did in the passages quoted above. Similarly, he was required to consider the extent to which Dr. Lobozzo's opinion was supported by medical evidence or test results, 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3), which encompasses the administrative law judge's findings that Dr. Lobozzo only met briefly with the plaintiff, once a month, and that his records were "superficial."

However, the administrative law judge did misrepresent the contents of Dr. Lobozzo's records to some extent. As the plaintiff points out, Itemized Statement at 5-7, Dr. Lobozzo's notes reflect that he was aware of her alcohol abuse, provided her with a list of Alcohol Anonymous meetings, and referred her to other counseling services. Record at 318-21, 324, 326. Like the plaintiff, I am also troubled by the administrative law judge's criticism of Dr. Lobozzo's prescriptions of drugs for the plaintiff, as well as his assertion that Dr. Lobozzo's sessions with the plaintiff were too short and infrequent to constitute treatment.[3] *See*, *e.g.*, *Ferari v. Astrue*, Civil Action No. 1:07-cv-01287, 2008 WL 2682507, at *5 (M.D. Pa. July 1,

---

[3] At oral argument, the plaintiff's attorney asserted that "the credibility analysis is important" in this regard. However, the itemized statement does not raise the administrative law judge's assessment of the plaintiff's credibility as an error, and the court, therefore, will not consider it. *Raymond v. Colvin*, No. 2:12-CV-374-GZS, 2014 WL 424156, at *3 (D. Me. Feb. 4, 2014).

5

2008). I need not decide whether this assumption of medical expertise by an administrative law judge constitutes reversible error, however, for the reasons that follow.

The plaintiff contends that Dr. Lobozzo's "functional capacity opinion[s]" should not have been rejected. This is an apparent reference to the form found at pages 340-41 of the record, entitled "Medical Source Statement of Ability to Do Work-Related Activities (Mental)," on which Dr. Lobozzo checked the following "qualities" as those which would be "markedly limited or effectively precluded by this patient's symptoms . . . , disorders, the effects of their medication or any combination of these items": "The ability to maintain attention and concentration sufficient to perform work tasks throughout an eight hour work day"; "The ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances"; and "The ability to complete a normal work day and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." Record at 340. Under the heading of "diagnosis and a brief indication of what medical or clinical findings support this assessment" Dr. Lobozzo wrote: "Anxiety Disorder/ Major depressive disorder/Personality Disorder" and "Decreased ability to focus or maintain mental effort. Easily side-tracked. Frequently late, misses/forgets appointments. Easily overwhelmed by minor stresses. Reduced stamina. Lack of role model as a child with regard[] to work ethic. Distracted by 4 children at home. Poor judgment." *Id*. at 341.

This court has previously expressed reservations about the evidentiary quality of similar forms. *See, e.g., Miller v. Astrue*, Civil No. 09-156-B-W, 2010 WL 1935752, at *4 (D. Me. May 10, 2010). However, in those cases the treating physicians merely checked off entries on the form without providing any explanation or narrative support for their conclusions. *Id*. at *4-*5.

Here, Dr. Lobozzo did provide diagnoses and a decidedly "brief indication" of his clinical findings that supported his opinion. Record at 341.

Even if the plaintiff's interpretation of Dr. Lobozzo's records and opinions were entirely correct, a conclusion that I do not reach, her argument founders on the fact that his opinions cannot be given controlling weight, because there is inconsistent medical evidence in the record. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). The state agency physician reviewers provided substantial evidence to support the administrative law judge's RFC conclusions. Record at 64-70, 258-76. Thus, any error in the administrative law judge's treatment of Dr. Lobozzo's opinions was harmless.

The plaintiff takes nothing by her additional argument in this section of her itemized statement that "if the ALJ was unclear concerning the bases for Dr. Lobozzo's assessed functional capacity limitations, he could have recontacted him to seek clarification pursuant to 20 C.F.R. § 404.1512(e)(1)[.]" Itemized Statement at 7. The cited regulation merely provides that an administrative law judge will contact a treating source directly only when the evidence that has been received is inadequate to support a determination of disability. The plaintiff points to no "conflict or ambiguity" in Dr. Lobozzo's records and reports "that must be resolved." 20 C.F.R. §§ 404.1512(e)(1), 416.912(e)(1). In this district,

> [a]n administrative law judge is not required to further develop the record when a claimant is represented, as the plaintiff was here, . . . unless she does not understand any of the treating physicians' records or finds gaps in those records or the records are otherwise inadequate to allow her to decide the case. 20 C.F.R. § 404.1512(e)(1); *see also White v. Massanari*, 271 F.3d 1256, 1261 (10th Cir. 2001). In order to obtain remand on this basis, the plaintiff must point to specific facts that were not brought out during the hearing and provide proof that additional medical evidence existed. *Nelson v. Apfel*, 131 F.3d 1228, 1235 (7th Cir. 1997).

7

*Archer v. Colvin*, Civil No. 1:13-cv-00018-NT, 2014 WL 457641, at *6 (D. Me. Feb. 4, 2014) (quoting *Plato v. Colvin*, Civil No. 1:12-cv-319-DBH, 2013 WL 5348603, at *12 (D. Me. Sept. 24, 2013)). The Itemized Statement does not meet this standard.

The plaintiff also includes in this section of her itemized statement an argument that the administrative law judge wrongly rejected "additional treatment notes" offered by her attorney after the deadline imposed by 20 C.F.R. § 405.331(a). Itemized Statement at 8; Record at 10. The plaintiff makes no attempt to demonstrate that she met any of the requirements for admission of evidence first proffered less than five business days before the hearing, *see* 20 C.F.R. 405.331(c), that any action of the Social Security Administration misled her, that she had a physical or mental limitation that prevented her from submitting the evidence in a timely fashion, or that some unusual, unexpected or unavoidable circumstance beyond her control presented her from submitting the evidence earlier. *See generally Raymond v. Astrue*, No. 1:12-cv-92-DBH, 2012 WL 6913437, at *2 (D. Me. Dec. 31, 2012).

## B. State Agency Reviewing Physician

The plaintiff next argues that that administrative law judge wrongly "afford[ed] great weight to the opinions of the state agency non-examining psychologists[.]" Itemized Statement at 8-9. Specifically, she contends that the state-agency reviewers "did not review the complete medical record" because they did not have Dr. Lobozzo's notes and "medical source statement" (the checked form), or the treatment notes "related to [her] counseling sessions." *Id*. at 9.

To begin, I note that there is no indication in the record that Dr. Lobozzo saw any treatment notes related to the plaintiff's counseling sessions. Additionally, contrary to the plaintiff's assertion, this fact does not necessarily render the conclusions of the state-agency reviewers "irreparably flawed." Itemized Statement at 9. Each of the cases cited by the plaintiff

8

in support of this proposition is readily distinguishable.  In *Alcantra v. Astrue*, 257 Fed. App'x 333, 334, 2007 WL 4328148, at **1 (1st Cir. Dec. 12, 2007), the First Circuit vacated a judgment for the commissioner where the administrative law judge had discounted the opinions of two treating sources and two consultants in favor of the opinion of one non-examining consultant who reviewed "no more than the first third of the record," which included no reports from therapists or treating psychiatrists.

In *Frankl v. Shalala*, 47 F.3d 935, 938 (8th Cir. 1995), the court held that the administrative law judge wrongly rejected conclusory affidavits from two treating physicians when "[t]he only contrary medical records" were from 11 months before the date of the affidavits, "before a marked change in Frankl's condition."  The plaintiff provides no pinpoint citation for *Brown v. Barnhart*, No. 06-22-B-W, 2006 WL 3519308 (D. Me. Dec. 6, 2006), but that opinion, carefully limited to its facts, *id*. at *4, reports that the administrative law judge relied on RFC assessments from two non-examining state-agency consultants when subsequent records of the claimant's treating physician were deemed inconsistent with the medical evidence available to the state-agency reviewers so that "[o]ne cannot be confident that, had [the state-agency reviewers] seen the later evidence, they would have continued to opine that the plaintiff was capable of meeting the demands of light work[.]"  *Id*. at *3.  In the instant case, it is unlikely that Dr. Lobozzo's conclusions, as distinct from his recorded findings, would have changed the opinions of the state-agency reviewers, a conclusion that is buttressed by the testimony of the medical expert at the hearing.  Record at 49-50.

Finally, in *Garland v. Barnhart*, No. 03-132-P-S, 2004 WL 413302, at *5 (D. Me. Mar. 3, 2004), the issue was the need to contact a claimant's treating physician, not whether an administrative law judge may ever rely on the opinions of non-examining state-agency reviewers

9

who have not seen a claimant's subsequent treatment records. In any event, the answer to that question in this district, under the circumstances present in this case, is in the affirmative. *See, e.g., Vining v. Astrue*, 720 F.Supp.2d 126, 133 (D. Me. 2010).

The plaintiff also argues, without citation to authority, that the fact that the administrative law judge called a medical expert to testify at the hearing constitutes an "implicit[] acknowledge[ment] that the state agency non-examining opinions were inadequate because they did not review the additional medical evidence." Itemized Statement at 9. Nothing in the record supports this interpretation, and my own research has located no case law on point.

The plaintiff takes nothing by this argument.

### C. Substantial Evidence

The final section of the plaintiff's itemized statement contends that the administrative law judge's finding at Step 5 is not supported by substantial evidence. Itemized Statement at 10-13. Specifically, she asserts that the administrative law judge could not use the Grid as a framework for finding that she was not disabled because his RFC finding "failed to account for the limiting effects of [her] mental impairments." *Id*. at 10-11. She relies solely on Dr. Lobozzo's conclusions to support this argument. *Id*. at 11-12. I have already concluded that the administrative law judge did not err in discounting Dr. Lobozzo's "functional capacity opinions." Those opinions, therefore, cannot provide a basis for a finding that the relevant occupational base was significantly eroded by the plaintiff's mental impairments, which would be the basis for rejecting use of the Grid as a framework.

The administrative law judge may rely on the Grid as a framework where the claimant's non-exertional limitations have no more than a negligible effect on the unskilled occupational base. *Prescott v. Astrue*, Civil No. 09-23-B-W, 2009 WL 3148731, at *2 (D. Me. Sept. 30,

10

2009). The specific limitations included in the plaintiff's RFC — understanding and remembering simple instructions, executing simple tasks, interacting with coworkers and supervisors but not the public, and adapting to occasional changes in the workplace, Record at 15 — are compatible with the use of the Grid as a framework for decision-making. *Garcia-Martinez v. Barnhart,* 111 Fed. App'x 22, 23, 2004 WL 2240136, at **1 (1st Cir. Oct. 1, 2004).

The plaintiff asserts, without more, that the administrative law judge's "failure to obtain testimony from the vocational witness who appeared at the hearing require[s] that the June 27, 2012, decision be vacated." Itemized Statement at 10. She does not discuss this argument further and cites no authority in support. Under these circumstances, the issue is deemed waived. *Bailey v. Colvin*, No. 2:13-cv-57-GZS, 2014 WL 334480, at *5 (D. Me. Jan. 29, 2014).

Finally, within this section of the plaintiff's itemized statement is an argument that the administrative law judge should have found that she suffered from a personality disorder as a severe impairment. Itemized Statement at 12-13. This is a Step 2 issue. She asserts in conclusory fashion that "[t]hat error was not harmless." *Id.* at 12.

Although a claimant bears the burden of proof at Step 2, it is a *de minimis* burden, designed to do no more than screen out groundless claims. *McDonald v. Secretary of Health & Human Servs.*, 795 F.2d 1118, 1124 (1st Cir. 1986). When a claimant produces evidence of an impairment, the commissioner may make a determination of non-disability at Step 2 only when the medical evidence "establishes only a slight abnormality or [a] combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." *Id.* (quoting Social Security Ruling 85-28).

The administrative law judge's opinion does not mention a personality disorder as one of the impairments alleged by the plaintiff. Record at 13. This is understandable, as the plaintiff's applications and pre-hearing brief do not mention a personality disorder as a claimed impairment. Record at 177, 251-53. Nor is it mentioned in the request for review of the administrative law judge's decision filed with the Appeals Council by the plaintiff's attorney. *Id.* at 254-56. "It is a basic tenet of Social Security case law that an administrative law judge is under no obligation to investigate a claim that was not presented at the time of the application for benefits and not offered at the hearing." *Mannix v. Astrue*, Civil No. 08-437-B-W, 2009 WL 3152880, at *3 (D. Me. Sept. 28, 2009) (citing cases).

Accordingly, the plaintiff's Step 2 claim is not cognizable by this court.

## II. Conclusion

For the foregoing reasons, I recommend that the decision of the commissioner be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the district court and to appeal the district court's order.*

Dated this 29th day of March, 2014.

        /s/ John H. Rich III
        John H. Rich III
        United States Magistrate Judge